T. H. McMahan et al. v. W. D. Alexander.

1. An attempt by a clerk of a consignee to sell property consigned to his principal, to a party, for use of said party and the clerk making the sale, is fraudulent, and such contract would be void as against the consignors.

2. Even if the clerk had authority to sell, he could not sell to himself, either directly, or indirectly to another for his use.

Appeal from Galveston. Tried below before the Hon. G. E. Mann.

This is a suit by appellee against McMahan & Gilbert and Morgan McMories for the one-half the proceeds of sale of fifty-eight bales of cotton consigned to McMahan & Gilbert and by them sold.

The intervenors claimed the whole of the consignment, less the necessary expenses and charges.

McMahan & Gilbert seem to occupy the position of stakeholders, and rendered an account of the sales of the cotton and professed a willingness to abide the decision of the court as to the ownership of the cotton.

The opinion of the court gives the facts upon which Alexander based his claim, and what McMories did in the transaction.

The court refused to charge the jury (at instance of the intervenors):

"An agent employed to sell cannot become the purchaser from himself for himself, nor as the agent of another; and if you are satisfied that McMories sold the cotton as the agent of McMahan & Gilbert, and was interested in the purchase for himself, or as the agent of another, such sale was void, and did not change ownership or pass title to the cotton.

"If from the evidence the jury believe that the fifty-eight bales of cotton, mentioned in plaintiff's petition, were purchased from McMories by Alexander & McMories jointly, or by either of them, for account of both, and that McMories was to sell the same, and divide the proceeds betwixt them, they were partners as to that transaction, and the cotton thus acquired was partnership property, such purchase and sale did not pass any title to either of them, and you will find against the plaintiff."

Verdict for Alexander for one-half of the cotton against the intervenors and defendants, upon which judgment was rendered. The defendants and intervenors appealed.

*Burroughs & Hicks*, for appellants, cited Story on Agency, §§ 224, 225, 226; 2 Kent's Com., 309, 313, 314, 315, 381, 382; 11 Kinney's Law Compendium, 114; 11 Howard, 209, Warren *et al.* v. Martin; 28 Texas, 169, Smith v. Sublett; Story on Contracts, 224; Story on Agency, §§ 34, 367; 1 Parsons on Contracts, 82, 83; 1 Parsons on Contracts, 66, 67, 68, 69; 1 Parsons on Contracts, 65, 41, 48, 89; Hill on Trustees, 209, 790, 791, 792, 807; 18 Texas, 824, Commercial Bank v. Jones; 32 Pennsylvania, 340, Pittsburg R. R. Co. v. Gazrau; Angell & Ames on Corporations, § 517; Chitty on Contracts, 17, 221, 671, 657; Story on Bailments, § 299; 24 Wendell, 178; 3 Parsons on Contracts, 238; Gow on Partnership,

3, 5, 82, 86, 147; 2 Kent's Com., 647, 657, 742; Hilliard on Torts, 101, 102, 107; Paschal's Digest, Arts. 2421, 1809, 1813, 1814, 1820, 2426, 2429, 1476; 30 Texas, 758, State v. Wallace; 2 Bishop's Crim. Law., § 360; 10 Wendell, 97; 3 Cowen, 425, 433.

*McElmore & Hume,* for appellee, cited 1 Parsons on Contracts, 72, 80; Judson v. Sturges, 5 Day, 556; 3 Caines, 226; 1 Story, 43.

WALKER, J.   About the month of April, 1865, W. A. Furgurson, acting for himself and some of his neighbors, who, together, owned sixty bales of cotton, shipped the same, through W. D. Alexander, a forwarding merchant doing business at Beaumont, to T. H. McMahan & Co., the appellants, who were then doing business at the city of Houston, and appear to have been cotton brokers.

Alexander probably made some advances on the cotton, to reimburse himself for which he drew upon the appellants, forwarding his draft through one McKeen.

McKeen presented the draft at the business house of the appellants, where he found one Morgan McMories, who was the clerk of the appellants.   This clerk appears to have been left in charge of the house, the partners being absent.   He refused to honor the draft, as he says, because the house was not in funds and the account was overcharged $125, but promised McKeen that he would hold the cotton subject to Alexander's claim.   Sometime afterwards Alexander came to Houston.   The cotton had been repacked, as this clerk says, and had lost two bales in the operation.   Alexander and McMories then made a contract, which is witnessed by the following instrument of writing:

"HOUSTON, May 27, '65.

"I hold jointly with W. D. Alexander fifty-eight bales of cotton, marked as follows: Z R 15, W 19, W A F 15,

R 8, N 1 ; which, when sold, is to be accounted for equally with him.''

By this arrangement this clerk secured to himself one-half of fifty-eight bales of cotton, besides which he says Alexander gave him $114 over and above his charges for the other half of the cotton.

Afterwards it seems that he paid Furgurson $138 as the entire amount due from the fifty-eight bales of cotton. Thus it will be seen that this clerk of the appellants secured to himself,. as he supposed, twenty-nine bales of cotton for just $24, for that is all that he was out of pocket. This is a sufficient statement of this case.

The charge of the court utterly fails to lay down the law of the case to the jury. McMories, as the agent of the appellants, may or may not have been authorized to make sale of the cotton to any person competent to buy it, but he could not be both buyer and seller, nor could he sell it to one buying jointly with himself.

McMahan & Co. repudiated the transaction, as well they might. The contract between McMories and Alexander is utterly void, and the facts as testified to by McMories himself are such as to raise the indubitable presumption of fraud. But, if no fraud had been intended, the contract is void for the reason assigned.

Alexander, the appellee, has no right to one cent more of the money arising from the sale of this cotton than will reimburse him for just charges and expenses. The net proceeds of the cotton belong, both in law and equity, to the intervenors.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.